UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.

APPROXIMATELY $17,318.80 IN
UNITED STATES CURRENCY,

        Defendant.

Case No. 19-cv-1241-pp

**ORDER GRANTING GOVERNMENT'S MOTION FOR DEFAULT JUDGMENT (DKT. NO. 17) AND DISMISSING CASE**

    The United States filed this case on August 27, 2019, seeking civil forfeiture of the above-named *in rem* defendant seized from the residence of Lacure Veasley and Jennifer Tharp. Dkt. No. 1. On August 27, 2019, the plaintiff sent notices to Veasley and Tharp, explaining that anyone seeking to file a claim regarding the money needed to file a verified claim "meeting the requirements of Rule G(5)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims" with the clerk of court within thirty-five days of the date of the notice (in this case, by October 1, 2019). Dkt. Nos. 3-7. The government served this notice on Tharp at two addresses—an address on South 13th Street in Milwaukee, dkt. no. 4, and in care of the Milwaukee House of Correction, dkt. no. 5.

    The court did not receive a verified claim from Veasley or Tharp by October 1, 2019. On October 2, 2019, the government notified the court that it would begin service by internet publication on October 3, 2019, with a deadline

1

of December 2, 2019 for the filing of claims by any party who did not receive direct notice. Dkt. No. 8.

On October 28, 2019, the court received a letter from the government. The letter indicted that while the government had not been able to serve Veasley directly, it had been able to serve him via certified mail on September 20, 2019 through Veasley's attorney in his state criminal case. Dkt. No. 10 at 1-2. The letter indicated that Tharp was served with the forfeiture complaint and the notice by certified mail, and that the documents "were signed for and accepted on behalf of Ms. Tharp on or about August 29, 2019." Dkt. No. 10 at 1.

On November 4, 2019, the court received from Tharp a hand-written letter addressed to the clerk of court and referencing the U.S. Attorney. Dkt. No. 11. The letter, dated October 31, 2019, asserted that Tharp had been saving her money; she said that $10,000 was her savings and that $7,600 was the money she used to pay bills and take care of her children. Id. She stated that she received SSI and Social Security and caretaker payments, that she styled hair and that she danced. Id. She indicated that the money was saved from twenty-four years ago and that she had all her paperwork to explain the kinds of payments she received. Id. She said that she just wanted her money back. Id. The letter was not signed under penalty of perjury, was not notarized and was not accompanied by any evidence or documentation of Tharp's alleged sources of income.

In a November 27, 2019 motion, the government asked the court to strike Tharp's letter. Dkt. No. 13. Counsel for the government explained that he'd received a phone call from Tharp on October 28, 2019, during which he'd explained to her that he would not move for default judgment as long as she filed a verified claim that met the requirements of Rule 5(g)(a) by November 15, 2019. Id. at ¶6. Counsel stated that he had explained to Tharp that any claim she filed had to be signed under penalty of perjury. Id. at ¶16. The court granted the government's motion and struck the letter because Tharp had not filed a claim verified under penalty of perjury. Dkt. No. 15. At the government's suggestion, the court gave Tharp additional time to file a verified claim, requiring her to file it by June 16, 2020. Dkt. No. 15 at 2. The court gave Tharp a deadline of June 23, 2020 by which to answer or respond to the forfeiture complaint. Id. The court did not receive a verified claim by June 16, 2020, nor did it receive an answer or response to the complaint by June 23, 2020.

On June 19, 2020, the plaintiff filed an application for entry of default "for failure to plead, answer or otherwise defend, as required by law." Dkt. No. 16. The clerk entered default that same day. The plaintiff also filed a motion for default judgment. Dkt. No. 17. The plaintiff explained that neither Tharp nor any other putative claimant had filed a verified claim by the June 16, 2020 deadline. Id.

Three weeks later, on July 10, 2020, the court received from Tharp another hand-written letter. Dkt. No. 19. The letter was addressed to the United States Attorney and asked whether the U.S. Attorney could "wait until"

3

Case 2:19-cv-01241-PP   Filed 08/31/20   Page 3 of 5   Document 20

she got out of jail on July 21 "to move forward with this claim." Id. Tharp stated that she had received the U.S. Attorney's letter "about putting in another claim" for the money, and said that she still wanted to get the money back; she said she received SSI, did hair and got money from her father. Id. Tharp dated the letter June 24, 2020—after the deadline the court had set for filing a verified claim—and the return address on the envelope was the Milwaukee County Jail. Id.

This second letter did not constitute a verified claim under Rule G(5)(a). The letter does not explain why Tharp waited until three weeks after the deadline to request an extension of time or why she made that request of the government, rather than the court that set the deadline.

Tharp has known about the forfeiture action since August 27, 2019—over year. She did not contact the government until almost a month after the deadline for filing a verified claim. She did not follow the government's advice and file a letter signed under penalty of perjury, despite the government's agreement to hold of filing a default judgment motion until mid-November, 2019. After the court struck her November 4, 2019, letter and gave the plaintiff another chance to file a *verified* claim, she filed another un-verified letter, which the court received weeks after the deadline. Perhaps the plaintiff could not meet the deadline because she was in jail, but she does not say.

Veasley never filed anything with the court. The motion for default judgment indicates that no other party has filed a verified claim. Dkt. No. 17 at ¶18. Default judgment is appropriate.

4

The Court **FINDS** that no party has timely filed a verified claim as to the defendant property, approximately $17,318.80 in United States currency.

The court **GRANTS** the plaintiff's motion for default judgment. Dkt. No. 17.

The court **ORDERS** that the defendant property, approximately $17,318.80 in United States currency, is **FORFEITED** to the United States of America.

The court **ORDERS** that no right, title, or interest in the defendant property shall exist in any other party.

The court **ORDERS** that the United States Marshals Service or its duly authorized agent shall seize the defendant property and shall dispose of it according to law.

The court **ORDERS** that this case is **DISMISSED**.

Dated in Milwaukee, Wisconsin this 31st day of August, 2020.

        **BY THE COURT:**

        _____
        **HON. PAMELA PEPPER**
        **Chief United States District Judge**